1  Michael W. Ellison (SBN 145832)
   mellison@sehlaw.com
2  Heather P. Condon (SBN 254455)
   hcondon@sehlaw.com
3  SMITH ♦ ELLISON
   A Professional Corporation
4  18881 Von Karman Avenue
   Suite 960
5  Irvine, California 92612
   Telephone:(949) 442-1500
6  Facsimile: (949) 442-1515

7  Attorneys for Plaintiff
   E & E CO., LTD.
8

9              UNITED STATES DISTRICT COURT

10       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12 E & E CO., LTD., a California          )  Case No.
   Corporation,                          )
13                                        )
                 Plaintiff,               )
14                                        )  **COMPLAINT  FOR  COPYRIGHT**
         v.                               )  **INFRINGEMENT  (17 U.S.C. §§**
15                                        )  **106, 113(a), 501)**
   CAP EXPORT, LLC, a California          )
16 Limited Liability Company; B.A.M.      )
   INTERNATIONAL, INC., a California      )
17 Corporation; HOMEGOODS MANIA,          )
   LLC, a California Limited Liability    )  DEMAND FOR JURY TRIAL
18 Company; ABRAHAM AMOUYAL,              )
   an Individual; and DOES 1 through 10,  )
19 inclusive,                             )
                                          )
20               Defendants.              )
21 ─────────────────────────────────────  )

22        Plaintiff E & E CO., LTD., for its Complaint against Defendants CAP

23 EXPORT, LLC; B.A.M. INTERNATIONAL, INC.; HOMEGOODS MANIA, LLC;

24 ABRAHAM AMOUYAL; and, DOES 1 through 10 (collectively, "Defendants"),

25 alleges as follows:

26                              **PARTIES**

27        1.    Plaintiff E & E CO., LTD. ("E & E") is, and at all relevant times

28 was, a corporation duly organized and existing under the laws of the State of

                                    ─────────────────────────────
                                    Complaint For Copyright Infringement

California with its principal place of business in the City of Fremont in Alameda County, California.  E & E is engaged in the wholesale home furnishings business under the registered fictitious business name "JLA Home."

2.      E & E is informed and believes, and on that basis alleges, that Defendant CAP EXPORT, LLC ("Cap Export") is a limited liability company organized and existing under the laws of the State of California with its principal place of business in the City of Vernon in Los Angeles County, California.  E & E is further informed and believes, and on that basis alleges, that Cap Export is engaged in the wholesale home goods business.

3.      E & E is informed and believes, and on that basis alleges, that Defendant HOMEGOODS MANIA, LLC ("Homegoods") is a limited liability company organized and existing under the laws of the State of California with its principal place of business in the City of Vernon in Los Angeles County, California.  E & E is further informed and believes, and on that basis alleges, that Homegoods is engaged in the wholesale home goods business.

4.      E & E is informed and believes, and on that basis alleges, that Defendant B.A.M. INTERNATIONAL, INC. ("B.A.M.") is a corporation organized and existing under the laws of the State of California with its principal place of business in the City of Vernon in Los Angeles County, California.  E & E is further informed and believes, and on that basis alleges, that B.A.M. is engaged in the wholesale home goods business.

5.      E & E is informed and believes, and on that basis alleges, that Defendant ABRAHAM AMOUYAL ("Amouyal") is an individual whose primary residence is located in Los Angeles County, California.  E & E is further informed and believes, and on that basis alleges, that Amouyal is essentially the owner, director, and manager of the other Defendants.  Specifically, Amouyal is, among other things, the Manager of Cap Export, the Manager of Homegoods, the Chief Executive Officer, Secretary, Chief Financial Officer, and sole Director of B.A.M.

2.

1  E & E is further informed and believes, and on that basis alleges, that Cap Export,

2  Homegoods, and B.A.M. all share the same address – 5233 Alcoa Ave., Vernon,

3  California.

4    6.    The true names and capacities, whether individual, corporate,

5  associate, or otherwise, of those Defendants sued herein as DOES 1 through 10

6  ("DOE Defendants") are unknown to E & E at the present time and said DOE

7  Defendants are therefore sued by such fictitious names.  When the true names and

8  capacities of said DOE Defendants have been ascertained, E & E will seek to amend

9  this Complaint to include such true names and capacities.  E & E alleges on

10  information and belief that each of the DOE Defendants performed, participated in,

11  aided and abetted in some manner, conspired, or otherwise is responsible for the acts

12  and omissions alleged in this Complaint and that each such DOE Defendant is liable

13  to E & E for the relief sought in this Complaint.

14    7.    E & E is informed and believes, and on that basis alleges, that at all

15  times relevant herein, each named Defendant and each DOE Defendant was the alter

16  ego, agent, servant, employee, principal, officer, director, partner, representative,

17  parent, subsidiary, successor-in-interest, aider-and-abettor, or co-conspirator of each

18  of the other Defendants, and was acting with the knowledge, approval, and/or

19  ratification of each of the other Defendants.

20            **JURISDICTION AND VENUE**

21    8.    This copyright infringement action arises under the Copyright Act of

22  1976, 17 U.S.C. section 101 *et seq*.  This Court has subject matter jurisdiction over

23  this action under 28 U.S.C. section 1331 (federal question) and 28 U.S.C. section

24  1338 (exclusive original copyright jurisdiction).

25    9.    This Court has both general and specific personal jurisdiction over

26  each of Defendants Cap Export, B.A.M., Homegoods, and Amouyal pursuant to rule

27  4(k)(1)(A) of the Federal Rules of Civil Procedure and section 410.10 of the

28  California Code of Civil Procedure (the forum state's long-arm statute).  On

Complaint For Copyright Infringement

information and belief, each of Defendants Cap Export and Homegoods is a limited liability company organized and existing under the laws of the State of California with its principal place of business in the City of Vernon in Los Angeles County, California.  On information and belief, Defendant B.A.M. is a corporation organized and existing under the laws of the State of California with its principal place of business in the City of Vernon in Los Angeles County, California.  On information and belief, Defendant Amouyal is a resident of Los Angeles County, California.  E & E also is informed and believes, and on that basis alleges, that the infringing activity at issue in this Complaint originated in Los Angeles County, California and additionally that the named Defendants willfully directed their infringing activity at the copyright owner, E & E, in the State of California.

10.   Venue is proper in this federal judicial district pursuant to 28 U.S.C. sections 1391(b), 1391(d), and 1400(a) because on information and belief, the headquarters and principal place of business of each of Defendants Cap Export, B.A.M., and Homegoods are located in this district; Defendant Amouyal's residence is in this district; a substantial part of the events and omissions giving rise to this claim occurred in this district; and, this Court has personal jurisdiction over each of the named Defendants at the time of the filing of this action.

**GENERAL ALLEGATIONS**

11.   E & E exclusively owns an original textile chevron design designated as "08WR0001" (the "Libra Chevron Design").

12.   E & E applied for and obtained a United States copyright registration, Registration No. VA 1-909-073, for its Libra Chevron Design, which effectively provided E & E with copyright protection commencing on February 12, 2014.  E & E has not assigned, granted, conveyed, mortgaged, or otherwise transferred property rights in its Libra Chevron Design to any other party.

13.   E & E makes and sells textile products bearing its Libra Chevron Design for profit.

4.

14.   E & E first offered products bearing the Libra Chevron Design in or about February 2014.

15.   E & E and Defendants Cap Export, B.A.M., and Homegoods are competitors in the business of wholesale selling of home furnishings, and E & E is informed and believes and thereon alleges that Defendant Amouyal is the owner of those Defendants and/or controlled or controls those Defendants.

16.   Prior to Defendants' infringing conduct described herein, E & E's products bearing the Libra Chevron Design were publicly advertised, marketed, and widely available for retail purchase.

17.   E & E is informed and believes, and on that basis alleges, that prior to Defendants' infringing conduct described herein, Defendants had access to the Libra Chevron Design.

18.   E & E is informed and believes, and on that basis alleges, that Defendants accessed a copy of the Libra Chevron Design from E & E or an intermediary.

19.   E & E discovered that Defendants were advertising, marketing, distributing, and selling competing home furnishing products bearing a graphic design apparently copied from and infringing on E & E's copyright on its Libra Chevron Design.  Specifically, E & E's investigation revealed Defendants to be advertising, marketing, distributing, and selling bedding products bearing a textile print that is substantially identical to the Libra Chevron Design (hereafter, the "Accused Products").

20.   The Accused Products include, but are not limited to, bedspread quilts and pillow shams marketed under, at least, the "Casa Andrea Milano" trademark (purportedly owned by Defendant Cap Export), including products bearing the name "Zig Zag Reversible Chevron."

/ / /

/ / /

Complaint For Copyright Infringement

21.   The Accused Products also include, but are not limited to, bedspread quilts and pillow shams marketed under, at least, the "Divano Roma Furniture" trademark (purportedly owned by Defendant Homegoods), including products also bearing the name "Zig Zag Reversible Chevron."

22.   Illustrative comparisons of E & E's products utilizing its Libra Chevron Design against exemplars of several of the Accused Products in different colors and at different degrees of magnification that were created by laying Defendants' infringing product (on the left) partly over E & E's product (on the right) are set forth below:



/ / /

/ / /

/ / /

Complaint For Copyright Infringement

1
2

3
4
5
6
7
8
9
10
11
12
13
14
15
16

17
18
19
20
21
22
23
24
25
26
27    23.   E & E is informed and believes, and on that basis alleges, that the
28   Accused Products were manufactured for Defendant B.A.M. and sold through

7.

Defendants Cap Export and Homegoods, all at the direction of Defendant Amouyal.
E & E is informed and believes, and on that basis alleges, that Defendant Amouyal is
the owner of Defendants B.A.M., Cap Export, and Homegoods, and/or orchestrated
the conduct described herein.

24.   The substantial similarity between E & E's Libra Chevron Design and
the graphic design borne by the Accused Products is too striking to be the result of
anything other than copying and when the details of the Accused Products are
compared to E & E's product (such as the design dimension, border piping, stitching
types, locations, and color) it becomes even more obvious that the Accused Products
are copies of E & E's product.

25.   E & E sent cease-and-desist letters to Defendant Amouyal on behalf of
Defendants Cap Export, B.A.M., and Homegoods including in April 2017, regarding,
*inter alia*, Defendants' infringement of E & E's Libra Chevron Design in the Accused
Products.

26.   To date, E & E has not received a response to its cease-and-desist
letters.  Moreover, to date, and despite E & E's demand, Defendants have not agreed
to stop, and instead appear to have continued, their infringing conduct.  Thus, E & E
brings this action to stop, and obtain redress for, Defendants' willful copyright
infringement of E & E's graphic design on their competing products.

27.   E & E is informed and believes, and on that basis alleges, that
Defendants have willfully advertised, marketed, distributed, and sold the Accused
Products, willfully continued to advertise, market, distribute, and sell the Accused
Products after receiving the cease-and-desist letters from E & E, and likewise
currently continue to advertise, market, distribute, and sell the Accused Products.

28.   E & E is informed and believes, and on that basis alleges, that
Defendants copied, manufactured (or caused to be manufactured), distributed, publicly
displayed, and sold and likewise currently continue to copy, manufacture (or cause to

Complaint For Copyright Infringement

be manufactured), distribute, publicly display, and sell products bearing the Libra Chevron Design with knowledge that the Libra Chevron Design belongs to E & E.

29.   E & E is informed and believes, and on that basis alleges, that Defendants copied, manufactured (or caused to be manufactured), distributed, publicly displayed, and sold and likewise currently continue to copy, manufacture (or cause to be manufactured), distribute, publicly display, and sell products bearing the Libra Chevron Design without the copyright owner E & E's authorization and with scienter that they had, and have, no right to do so.

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement -- 17 U.S.C. §§ 106, 113(a), 501)

30.   E & E incorporates herein the allegations contained in the preceding paragraphs of this Complaint.

31.   As set forth above, E & E obtained United States copyright registration of the Libra Chevron Design (Registration No. VA 1-909-073) either before or less than five years after the design was made public.

32.   E & E has not assigned, granted, conveyed, mortgaged, or otherwise transferred property rights in the Libra Chevron Design to any other party.

33.   E & E is the legal and beneficial owner of the Libra Chevron Design.

34.   E & E is informed and believes, and on that basis alleges, that Defendants had access to E & E's Libra Chevron Design.

35.   E & E is informed and believes, and on that basis alleges, that Defendants manufacture, or cause to be manufactured, textile products bearing graphic designs, and advertise, market, distribute, and sell such products for profit.

36.   E & E is informed and believes, and on that basis alleges, that Defendants infringed E & E's copyright by creating, making (or causing to be made), developing, advertising, marketing, distributing, and/or selling the Accused Products bearing a graphic design substantially, or otherwise strikingly, similar to, and copied from, the Libra Chevron Design.

37.   E & E is informed and believes, and on that basis alleges, that the effective date of E & E's copyright registration of the Libra Chevron Design predates the commencement of Defendants' infringing conduct.

38.   Due to Defendants' acts of infringement, E & E has suffered damages to its business in an amount to be established at trial.

39.   Due to Defendants' acts of infringement, E & E has suffered general and special damages in amounts to be established at trial.

40.   Due to Defendants' acts of infringement, Defendants have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Libra Chevron Design, entitling E & E to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Libra Chevron Design in an amount to be established at trial.

41.   In the alternative, E & E is entitled to statutory damages from Defendants for Defendants' infringement of the Libra Chevron Design.

42.   E & E is informed and believes, and on that basis alleges, that Defendants' infringement of the Libra Chevron Design was willful, reckless, and/or in blatant disregard of E & E's rights as the copyright holder.

43.   E & E has incurred and will continue to incur attorneys' fees, costs, and expenses to prosecute this copyright infringement action.  The circumstances of this dispute warrant recovery of attorneys' fees and costs under 17 U.S.C. section 505.

## **PRAYER FOR RELIEF**

Wherefore, E & E prays for judgment as follows:

1.    That Defendants, and their agents and employees, be enjoined from infringing E & E's copyright, specifically including the copyright for the Libra Chevron Design;

2.    That E & E be awarded all direct and indirect profits of Defendants plus all direct and indirect losses of E & E, plus any other monetary advantage gained by Defendants through their infringement, the exact sum to be proved at trial; or, to

Complaint For Copyright Infringement

the extent elected before final judgment, statutory damages available under the

Copyright Act;

       3.    That a trust be imposed over all Accused Products and any revenues

derived from the sale or distribution of any Accused Products or unauthorized

exploitation of the Libra Chevron Design;

       4.    That Defendants account to E & E for their profits from infringement

of the Libra Chevron Design;

       5.    That E & E be awarded additional, enhanced damages for the reckless

and willful nature of Defendants' infringement of the Libra Chevron Design;

       6.    That E & E be awarded its attorneys' fees under 17 U.S.C. section

505;

       7.    That E & E be awarded pre-judgment interest as allowed by law;

       8.    That E & E be awarded the costs of this action; and,

       9.    That E & E be awarded such further legal and equitable relief as the

Court deems just and proper.

DATED:  June 30, 2017          Michael W. Ellison
                               Heather P. Condon
                               SMITH ♦ ELLISON


                               By <ins>/S/  MICHAEL W. ELLISON</ins>
                                    Michael W. Ellison
                               Attorneys for Plaintiff E & E CO.,
                               LTD.

                **Plaintiff E & E CO., LTD. hereby demands a trial by jury.**

DATED:  June 30, 2017          Michael W. Ellison
                               Heather P. Condon
                               SMITH ♦ ELLISON


                               By <ins>/S/  MICHAEL W. ELLISON</ins>
                                    Michael W. Ellison
                               Attorneys for Plaintiff E & E CO.,
                               LTD.

11.